UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DONALD F. GREENE and )
NICOLE F. GREENE, )
)
Plaintiffs, )
)
v. ) No. 3:21-CV-256-TAV-JEM
)
LEDVANCE LLC, )
)
Defendant. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order referring the matter by United States District Judge Varlan [Doc. 118].

Now before the Court is Plaintiffs' Motion to Modify Scheduling Order and for Leave of Court to Disclose a Rebuttal Expert Regarding Donald Greene's Loss of Earning Capacity [Doc. 117]. Defendant filed a response in opposition to the motion [Doc. 120], and Plaintiffs filed a reply [Doc. 121]. The motion is therefore ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a).

For the reasons set forth below, the Court **DENIES** the motion [**Doc. 117**].

## I.    BACKGROUND

This case was set for trial on September 17, 2024. Days before trial, Defendant filed a motion in limine seeking to exclude evidence related to Plaintiff Donald Greene's loss of earning capacity [Doc. 92]. Defendant argued that Plaintiffs failed to supplement their discovery to provide evidence of Plaintiff Donald Greene's loss of earning capacity, despite informing defense counsel in April 2024 that he had lost his job where he had been employed at the time of the incident at issue in this action, which "serve[d] to bring more clearly into focus [Mr. Greene's] loss of earning capacity claim" [*Id*. at 3]. Judge Varlan denied in part and granted in part the motion [Doc. 97].

Judge Varlan denied the motion to exclude the evidence but allowed Defendant "to file a motion to continue for the limited purpose of obtaining a vocational expert witness, if so desired" [*Id.* at 9]. Defendant filed a motion to continue the same day, asking the Court to continue the trial so that it could take Plaintiff Donald Greene's deposition related to loss of earning capacity, retain a vocational expert witness to offer opinions about loss of earning capacity, and disclose expert opinions as required by the Federal Rules of Civil Procedure [Doc. 99]. Plaintiffs responded, asking for time to obtain a rebuttal witness if needed [Doc. 100]. Judge Varlan granted Defendant's motion and rescheduled the trial for February 18, 2025 [Doc. 102]. He ordered that Defendant disclose any expert testimony no later than October 30, 2024 [*Id.* at 2]. He also instructed Plaintiffs to file an appropriate motion if they sought to obtain an expert witness as well [*Id.*].

Plaintiffs did just that on October 1, 2024 [Doc. 104]. Plaintiffs asked the Court for "leave to disclose a rebuttal expert to address issues raised by Defendant's vocational expert regarding Mr. Greene's loss of earning capacity claims" forty-five days after Defendant discloses its vocational expert [*Id.* ¶¶ 4, 7]. Plaintiffs expressly did "not seek leave to disclose an expert for use in their case-in-chief" [*Id.* ¶ 5]. On October 25, 2024, the Court denied Plaintiffs' request stating:

> Upon review, the Court finds Plaintiffs' request for leave to disclose a rebuttal expert premature. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Judge Varlan found good cause to reset the trial date and allow Defendant the opportunity to retain a vocational expert given Plaintiffs' late disclosure of information related to evidence of Plaintiff Donald Greene's loss of earning capacity. He did not set a deadline for any rebuttal expert disclosure. Hence, Plaintiffs must show good cause for any modification to his schedule.
>
> Plaintiffs have not done so. While Plaintiffs assert that they seek to disclose only a rebuttal expert, not an expert for their case-in-chief, it appears that Plaintiffs do not yet know what they must rebut. Defendant does not need to disclose its expert until October 30, 2024, and there is no indication in the record that Defendant has made an early disclosure. Given that any "rebuttal report must be

intended 'solely' to contradict or rebut 'evidence on the same subject matter identified by another party[,]'" *Campos v. MTD Prods. Inc.*, No. 2:07-CV-29, 2009 WL 2252257, at *9 (M.D. Tenn. July 24, 2009) (quoting Fed. R. Civ. P. 26), Plaintiffs' request is premature.

[Doc. 114 pp. 3–4]. The Court denied the motion without prejudice and with leave to refile [*Id*. at 4]. The Court stated that "[a]ny such motion must set forth appropriate grounds to modify Judge Varlan's current schedule to allow for a rebuttal expert disclosure" [*Id*.].

Plaintiffs now seek leave to disclose a rebuttal expert witness [Doc. 117]. They state that Defendant has served a Supplemental Expert Witness Disclosure that includes a report by Patsy D. Bramlett ("Ms. Bramlett") [*Id*. at 3]. Acknowledging that the expert disclosure deadlines expired in July 2023, they state that "neither party sought to disclose any potential expert opinion testimony concerning the issue of loss of earning capacity" [*Id*.]. Plaintiffs submit, "That issue only became a relevant consideration with the Court's recent allowance of the Defendant to disclose an expert on this issue" [*Id*.]. And here, Plaintiffs state, Ms. Bramlett opines that "[Plaintiff Donald] Greene has sustained no (0%) loss of earning capacity as the result of the injuries he sustained" [*Id*. (citation omitted)]. Plaintiffs assert that they "are not seeking to disclose an expert for use in their case in chief" [*Id*. (citation omitted)]. Further, they submit they "are not required to, and did not intend to offer expert vocational proof to demonstrate [Plaintiff Donald] Greene's loss of earning capacity in their case in chief" [*Id*. at 3–4]. While Plaintiff Donald Greene is prepared to testify about the relevant factors to determine loss of earning capacity, Plaintiffs assert that now that Defendant has "engaged a vocational expert to significantly challenge or diminish the scope and amount of Mr. Greene's loss of earning capacity claim, [they] should be afforded the opportunity to rebut Defendant's vocational expert's opinion with the opinions of an expert" [*Id*. at 4]. Plaintiffs state that "to deprive [them] of this potential opportunity to rebut such testimony would be unfairly prejudicial and manifestly unfair" [*Id*.].

3

Defendant responds in opposition arguing that Plaintiffs' motion should be denied for three reasons [Doc. 120 p. 3]. First, it argues that Plaintiffs have not shown good cause to amend Judge Varlan's schedule [*Id*. at 3–4]. Second, Defendant contends that Plaintiffs are seeking to shift the burden to establish damages on Defendant, asserting that "if Plaintiffs want to present expert evidence about [Plaintiff Donald] Greene's alleged loss of earning capacity, they must do so in their case in chief" [*Id*. at 6]. Third, Defendant states that "Plaintiffs' brief fails to forecast any admissible rebuttal opinion" [*Id*. at 8].

Plaintiffs filed a reply, stating that their position is set forth in their original motion, reply, and pending motion [Doc. 121 p. 2 (citing Docs. 104, 109, and 117)]. Pointing out that Ms. Bramlett "opines that [Plaintiff Donald] Greene sustained 'no loss of earning capacity,'" Plaintiffs argue that "[t]his alone supports [their m]otion and contention that it should be allowed to disclose a rebuttal expert" [*Id*. at 3]. They deny that they must present expert testimony in their case in chief [*Id*.]. Plaintiffs assert that their "expert is anticipated to opine regarding Defendant's expert's failure to properly consider or weigh evidence relating to the lost earning capacity factors as a professional" [*Id*. at 4]. With respect to Defendant's argument that Plaintiffs have not put forth an admissible rebuttal opinion, they claim that it "puts the cart before the horse" because "[t]he admissibility of opinions of such an expert, and of the Defendant's expert, are evidentiary matters [that] are not presently before the Court" [*Id*.].

## II.    ANALYSIS

Starting with whether Plaintiffs have set forth appropriate grounds to modify Judge Varlan's schedule, Rule 16(b)(4) of the Federal Rules of Civil Procedure states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is measured by the movant's 'diligence in attempting to meet

the case management order's requirements.'" *Porter v. AAR Aircraft Servs., Inc.*, 316 F.R.D. 691, 693 (W.D. Tenn. 2016) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625–26 (6th Cir. 2002)). Plaintiffs state that they have established good cause because the issue of loss of earning capacity "only became a relevant consideration with the Court's recent allowance of the Defendant to disclose an expert on this issue" [Doc. 117 p. 3].

But Plaintiffs' assertion ignores how the parties arrived at the present situation. The Court allowed Defendant to disclose an expert on this issue because "previously undisclosed evidence [by Plaintiffs] revealed itself at the Final Pretrial Conference" [Doc. 97 p. 7]. When Plaintiff Donald Greene lost his job in March 2024, Plaintiffs did not supplement their discovery responses, but instead sent Defendant an email noting that fact [*Id.* at 8]. And it was at the final pretrial conference when Defendant learned that [Plaintiff Donald] Greene had accepted a new job earning a much lower salary [Doc. 120 p. 3]. Plaintiffs then formally supplemented their discovery a few days after the final pretrial conference [*See* Doc. 94-1].[1] Judge Varlan took all these facts into consideration, and instead of excluding Plaintiffs' loss of earning capacity damages, he allowed Defendant to obtain a vocational expert witness "to reasonably address [D]efendant's arguments of prejudice" [Doc. 97 p. 8]. Plaintiffs' late supplementation resulted in Defendant retaining an expert, which then necessitated a trial continuance. Under the circumstances, the Court does not find that Plaintiffs acted diligently such that a modification of Judge Varlan's schedule is warranted.

---

[1] While Plaintiff supplemented discovery after the final pretrial conference, Defendant informs the Court that Plaintiff Donald Greene revealed "for the first time [in his October 10 deposition] that he had signed a non-competition agreement with [his former employer] that precluded him from taking another job in the same industry" [Doc. 120 p. 4 (citation omitted)].

5

But even if they did show good cause to modify Judge Varlan's schedule, the Court finds that Plaintiffs have not established that they seek to disclose rebuttal evidence. Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure states that rebuttal evidence is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)[.]" Fed. R. Civ. P. 26(a)(2)(D)(ii). But this definition "merely begs the question of what 'real' rebuttal evidence is. The answer to that question is not clear cut." *Taylor v. Brandon*, No. 3:14-cv-0588, 2018 WL 3581142, at *2 (W.D. Ky. Jan. 30, 2018). According to the United States Court of Appeals for the Sixth Circuit, "[r]ebuttal testimony is responsive to new information by the other party." *In re Air Crash Disaster*, 86 F.3d 498, 528 (6th Cir. 1996). As one court has explained:

> Accordingly, "real" rebuttal appears to be evidence or expert opinion offered by a Plaintiff in response to a defense theory or proof that ordinarily would not be offered by the Plaintiff in its case-in-chief to establish an element of one or more of its causes of action. Put differently, if the evidence or opinion offered in rebuttal is evidence or an opinion that the Plaintiff ordinarily would be expected to offer in support of one or more of the elements of its cause of action, then such evidence or opinion is not "real" rebuttal evidence and may properly be excluded on such ground by the district court.

*Taylor*, 2018 WL 3581142, at *2.

The parties do not dispute that Plaintiff Donald Greene "has the burden of proving his . . . impairment of earning capacity damages." *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 704 (Tenn. Ct. App. 1999). Plaintiffs seek to establish their claim by relying on lay testimony in their case-in-chief [Doc. 117 p. 4]. But they also seek to disclose a rebuttal opinion. The Court denied Plaintiffs' first motion that sought leave to disclose a rebuttal opinion because "Plaintiffs d[id] not yet know what they must rebut" [Doc. 114 p. 4].

6

Plaintiffs have now received Ms. Bramlett's report, but they still do not explain any specific opinion of Ms. Bramlett's that they wish to rebut. Instead, Plaintiffs assert only that they wish "to potentially present expert opinion testimony which would serve to contradict, challenge[,] and rebut such expert opinion offered by defense's witness" [Doc. 117 p. 4]. The Court agrees that "[Plaintiffs] have not identified any theory in [Defendant's] expert's report that is new or that would not ordinarily be responsive to Plaintiffs' case in chief" [Doc. 120 p. 8].[2] Indeed, it appears that Plaintiffs are attempting to use a rebuttal expert to buttress their case-in-chief [*See* Doc. 117 p. 4 ("And obviously, now that the Defendant has retained an expert who opines that the Plaintiff [Donald Greene] has sustained no loss of earning capacity, to deprive the Plaintiff[s] of this potential opportunity to rebut such testimony would be unduly prejudicial and manifestly unfair."); *see also* Doc. 121 pp. 2–3 (arguing that Plaintiffs have shown good cause to submit an expert rebuttal witness to "present such testimony in response to the Defendant's newly named expert, who incredulously opines that Mr. Greene has sustained 'no loss of earning capacity'")]. This is not allowed. *In re Air Crash Disaster*, 86 F.3d at 528 (finding that a party cannot introduce experts "merely by sticking the label 'rebuttal' on a neglected part of its affirmative case"); *Presidio, Inc. v. People Driven Tech., Inc.*, 686 F. Supp. 3d 652, 677 (S.D. Ohio 2023) ("In other words, rebuttal evidence can only be put forward 'to challenge the evidence or theory of an opponent—and not to establish a case-in-chief. So, too, for rebuttal experts.'" (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006))); *Madison Cap. Co., LLC v. S & S Salvage, LLC*, No. 4:08-CV-00134, 2011 WL 195639, at *4 (W.D. Ky. Jan. 19, 2011) (excluding the plaintiff's

---

[2] To the extent Plaintiffs assert their "expert is anticipated to opine regarding Defendant's expert's failure to properly consider or weigh evidence relating to the lost earning capacity factors as a professional" [Doc. 121 p. 4], they do not provide any details about what Ms. Bramlett failed to properly consider or weigh that would need to be rebutted by an expert.

expert reports stating that it "bears the burden of proving its damages" and that "[i]t cannot now use the opportunity for rebuttal to introduce evidence it failed account for in its case-in-chief").

Considering the particular circumstances of this case, the Court finds that Plaintiffs' request is not well taken. *See Taylor*, 2018 WL 3581142, at *2 ("The admission or exclusion of rebuttal evidence is a matter within the sound discretion of the trial court." (citation omitted)).

## III.   CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Modify Scheduling Order and for Leave of Court to Disclose a Rebuttal Expert Regarding Donald Greene's Loss of Earning Capacity [**Doc. 117**].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

8